EXHIBIT A

Filed
8/28/2020 5:26 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Katherine Cavazos

Cause No. **20-DCV-276254**

| | | |
|---|---|---|
| TRUSTEE MAUREEN GAUGHAN, AS THE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY FOR CLA RIVERSTONE, LLC, 2:19-BK-09743-BMW (DISTRICT OF ARIZONA) | § § § § § § | IN THE DISTRICT COURT |
| TRUSTEE MAUREEN GAUGHAN, AS THE CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY FOR CLA CINCO, LLC, 2:19-BK-09746-BMW (DISTRICT OF ARIZONA), | § § § § § § | FORT BEND COUNTY, TEXAS |
| *Plaintiffs,* | § § | |
| v. | § § | |
| MARKEL INSURANCE COMPANY | § | Fort Bend County - 458th Judicial District Court |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Trustee Maureen Gaughan, as the chapter 7 Trustee for the bankruptcy for CLA Riverstone, LLC, 2:19-bk-09743-BMW (District of Arizona) and Trustee Maureen Gaughan, as the chapter 7 Trustee for the bankruptcy for CLA Cinco, LLC, 2:19-bk-09746-BMW (District of Arizona), (hereinafter referred to as "Plaintiffs"), and file this Original Petition against Defendant, Markel Insurance Company ("Markel") and respectfully would show this court as follows:

### PARTIES

1.      Plaintiff is the bankruptcy estate of each respective Debtor.  The Trustee appointed for each bankruptcy estate is the representative of the estate and has the capacity to sue.  *See* 11 U.S.C. section 323.  Plaintiff holds all legal and equitable interests of the Debtor in property as of

1



the commencement of the bankruptcy case.  *See* 11 U.S.C. section 541.  The bankruptcy cases were both filed on August 5, 2019.

2.      Defendant, Markel Insurance Company, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served via process server at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## DISCOVERY LEVEL

3.      Plaintiffs intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

4.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiffs are seeking monetary relief of more than $1,000,000.  Plaintiffs reserve the right to amend this Petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant, Markel, because Defendant engaged in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

6.      Venue is proper in Fort Bend County, Texas, because each insured property is situated in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS



7.      CLA Cinco is the owner of a property insurance policy ("the Policy") number CCP20023527-03 issued by Markel Insurance Company.  Trustee Maureen Gaughan, as the bankruptcy trustee, now holds the sole right vested right to the insurance proceeds.

8.      CLA Riverstone is the owner of a property insurance policy ("the Policy") number CCP20031341-01 issued by Markel Insurance Company.  Trustee Maureen Gaughan, as the bankruptcy trustee, now holds the sole right vested right to the insurance proceeds

9.      The buildings at issue are both childcare centers with located in Fort Bend County, Texas. CLA Cinco buildings are located at 24224 Cinco Terrace Drive, Katy, Texas 77494 and 24210 Cinco Terrace Drive, Katy, Texas 77494, and CLA Riverstone is located at 5320 Highway 6, Missouri City, Texas 77459 (collectively referred to as the "Properties"). Markel sold each Policy insuring the Properties.

10.     On or about August 26-28, 2017, Hurricane Harvey struck Fort Bend County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Properties.  The Storm damaged each Property extensively by flooding the interior, causing damage to building fixtures and business personal property. The volume of water exposure that entered the interior of the Property was so substantial that it caused each Property to close, causing Plaintiffs to incur substantial business interruption.

11.     Immediately after the Storm, Plaintiffs submitted claims to Markel for the damage the Properties sustained as a result of the Storm. CLA Cinco's claim was assigned claim number CCCP20023S9089, while CLA Riverstone's claim was assigned claim number CCCP20031S9102.  Plaintiffs requested that Defendant cover the cost of repairs, including but not limited to, interior repairs, business personal property, and business income loss.

3



12.     Each Policy of insurance covering Plaintiffs had a Flood Coverage Endorsement providing up to $1,000,000 of insurance in the event of damage from flood.  However, despite the knowledge that Hurricane Harvey caused incredible wind damage and flooding across Fort Bend County, Texas and admitting that Plaintiffs' Properties were damaged by water, Markel has claimed that the damages were caused by improper drainage plans instead of the nearly 30" of rain that fell in Fort Bend County, Texas.  This determination did not occur until September 2019, over two years after the passage of Hurricane Harvey.

13.     Defendant and its personnel failed to thoroughly and timely review and properly supervise the work of their employees, which ultimately led to the approving an unfair determination of Plaintiffs' claims.  As a result of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiffs were severely underpaid on their claims have suffered damages.

14.     To support their claims, Plaintiffs provided to Defendants a file that contained detailed pictures of the damages, along with bids from local companies to repair the damage. Plaintiffs also provided its business income statements to demonstrate the amounts each had lost due to the flooding damages.

15.     From the outset, Defendant set about to deny and/or underpay on properly covered damages.  In fact, Plaintiffs have never received a final determination on their claims from Defendant.  Instead, they have received delay after delay.

16.     Defendant failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiffs' damages, thereby denying adequate and sufficient payment on Plaintiffs' claims.   As a result of Defendant's unreasonable investigation, Plaintiffs were

4



wrongfully underpaid on the claims and therefore suffered damages.  The mishandling of Plaintiffs' claims also caused a delay in Plaintiffs' ability to fully repair the Property, which resulted in additional damages.

17.     To date, Defendant continues to delay the payment for the damages to the Properties.  As such, Plaintiffs have not been paid in full for the damages to the Properties.

18.     Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of each Policy.  Specifically, it refused to pay the full proceeds of each Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

19.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

20.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

21.     Each Plaintiffs provided adequate notice in accordance with Chapter 542A of the Texas Insurance Code and each client was copied on the notice.

## CAUSES OF ACTION

22.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Defendant Markel Insurance Company**

5



23.     Defendant breached each contract with Plaintiffs, intentionally violated the Texas Insurance Code, and intentionally breached the common law duty of good faith and fair dealing.

**A.      Breach of Contract**

24.     Defendant breached the contract of insurance it had with Plaintiffs.  Defendant breached the contract by its failure and/or refusal to adequately pay the claims as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

25.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

26.     Defendant's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

27.     Defendant's unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

28.     Defendant's unfair settlement practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).



29.    Defendant's unfair settlement practices of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

30.    Defendant's unfair settlement practice of refusing to pay Plaintiffs' claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

**C.    Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute**

31.    Plaintiffs are entitled to interest and attorney fees under TEX. INS. CODE §542.060 for Defendant's violation of the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

32.    Defendant failed to acknowledge receipt of Plaintiffs' claims, commence investigation of the claims, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

33.    Defendant failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

34.    Defendant delayed the payment of Plaintiffs' claims following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

7



**D.     Breach of the Duty of Good Faith and Fair Dealing**

35.     Defendant breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiffs' claim when it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

**E.     Knowledge**

36.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## REQUEST FOR DISCLORE

37.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

## RULE 193.7 NOTICE

38.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs herby give actual notice to Defendant that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## DAMAGES

39.     Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.



40.     The damages caused by the Storm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiffs.   These damages are a direct result of Defendant's mishandling of Plaintiffs' claims in violation of the laws set forth above.

41.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

42.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to each Policy, court costs, and attorney's fees.   For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages.   TEX. INS. CODE § 541.152.

43.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of the claim, as well as interest per annum on the amount of such claim as damages, together with attorney's fees.   TEX. INS. CODE § 542.060.

44.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional stress.

45.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the



preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

46.     Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court cite Defendant to appear and answer herein and that Plaintiffs take judgment against Defendant and recover from Defendant all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs is justly entitled.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        Texas Bar No.:  24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com
        **ATTORNEYS FOR PLAINTIFFS**

10



## PLAINTIFFS FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

COME NOW Plaintiffs, CLA Cinco, LLC and CLA Riverstone, LLC, in the above-styled and numbered cause, and requests that Defendant answer the following Interrogatories and Requests for Production separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiff by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

      i.      In the case of a <u>person</u>, to state such person's
          (1)     full name;
          (2)     last known home and business address and home and business telephone number;

11



    (3)    employer or business affiliation; and
    (4)    occupation and business position held.

ii.    In the case of a <u>document</u>, to state:
    (1)    the identity of the person or persons preparing it and the sender;
    (2)    its title or a description of the general nature of the subject matter;
    (3)    the identity of the addressee(s), if any;
    (4)    its date or dates of preparation;
    (5)    its date or dates and manner of distribution and publication, if any;
    (6)    the location of each copy and the identity of its present custodian;
    (7)    the type of document; and
    (8)    all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:
    (1)    the identity of the person uttering the oral statement;
    (2)    the place at which such oral statement was uttered;
    (3)    the date on which such oral statement was uttered;
    (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and
    (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats,



microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident" and/or "occurrence", shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:     _/s/ Andrew A. Woellner_
        **Andrew A. Woellner**
        SBN:  24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant(s) would have received it when it was served with the citation.


THE POTTS LAW FIRM, LLP


*/s/ Andrew A. Woellner*
**Andrew A. Woellner**

14



## PLAINTIFFS' INTERROGATORIES TO MARKEL INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. If you contend that some or all of the damages to the Property were not covered losses under the Policy, describe:
   a. The scope, cause, and origin of the damages you contend are not covered losses under the Policy, and
   b. The term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.



**ANSWER**

8. If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State the Date Defendant first anticipated litigation.

    **ANSWER**

13. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property.  If so, identify each item of damage.

    **ANSWER**

14. Identify all underwriting reports in Defendant's possession or control for the Property.

    **ANSWER**

15.  State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

16



**ANSWER**

16. What is your compensation arrangement with your expert witness in this case?

    **ANSWER**

17. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

    **ANSWER**

18. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

    **ANSWER**

19. If you contend that the Policy is void for any reason, state the factual basis for that contention.

    **ANSWER**



**PLAINTIFFS' REQUEST FOR PRODUCTION TO MARKEL INSURANCE COMPANY**

1.      The following insurance documents issued for the Properties as identified in the Petition:

      a.      the policy at issue for the date of loss as identified in the Petition; and

      b.      the policy declarations page for the 2014, 2015, and 2016.

RESPONSE:


2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

18



RESPONSE:

7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.



RESPONSE:

12.    All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.    All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.    If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:



17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:

18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:

21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:



23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:


28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff' claim.

RESPONSE:


29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

22



RESPONSE:


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.     All claims handling manuals and/or guidelines that were in effect during Centauri's investigation of Plaintiff' claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:



I, Beverley McGrew Walker, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out an appears of record in The District Court of Fort Bend County, Texas. This 07 day of JANUARY 2021

BEVERLEY McGREW WALKER DISTRICT CLERK
By _____ Deputy
ASHLEY ALANIZ

23



Filed
1/4/2021 11:35 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
### 301 Jackson Street, Room 101
### Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

# REQUEST FOR PROCESS
### All sections <u>must</u> be completed for processing this request.

**Section 1:**

Cause No. 20-DCV-276254

STYLE: Trustee Maureen Gaughan, as the Chapter 7 Trustee for the Bankruptcy for CLA Riverstone, LLC, 2:19-BK-09743-BMW (Distr   VS   Markel Insurance Company

**Section 2:**

## Check Process Type:

- ☑ Citation
- ☐ Citation by Posting
- ☐ Temporary Restraining Order
- ☐ Citation by Secretary of State
- ☐ Precept to Serve / Notice of Hearing
- ☐ Citation by Commissioner of Insurance
- ☐ Notice of Registration of Foreign Judgment
- ☐ Writ of _____
- ☐ Application for Protective Order / Temporary (Ex Parte) Protective Order
- ☐ Citation by Publication*:
  - ☐ **Daily**: Fort Bend Herald      ☐ **Once a Week**: Fort Bend Independent
  - ☐ **Other**: _____
  - * In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- ☐ Other _____
- ☐ TCPRC 17.032 Citation by Publication *(Citation will be posted by the District Clerk's Office on the Office of Court Administration website)*

<span style="color:red">**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**</span>

**Section 3:**

## Title of Document/Pleading to be attached for service: Plaintiffs' Original Petition

_____

_____

**Section 4:** ## PARTIES TO BE SERVED (Please type or print):

1. Name: Markel Insurance Company

   Address: 1999 Bryan Street, Suite 900

   City: Dallas          State: Texas          Zip: 75201



2. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

---

**Section 5**

## Check Service Type – Additional Fees Apply:

☐ Fort Bend County – Constable*          ☐ District Clerk Service**

☐ Fort Bend County – Sheriff*            ☐ Certified Mail

☐ Registered Mail (Out of Country)       ☐ Not Applicable – See Section 7

\* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.
\*\* Fort Bend County District Clerk's Office will <u>only</u> conduct service on Citation by Publications posted on the Office of Court Administration website.

---

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Andrew A. Woellner

Address: 3737 Buffalo Speedway, Suite 1900

| Houston | Texas | 77098 |
|---|---|---|
| City | Street/P.O. Box — State | Zip |

Telephone No. 713-963-8881      Bar No. 24060850

---

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
Street/P.O. Box

_____   _____   _____
City                          State                Zip

Telephone No._____ Email Address _____

## Pro-se Service Only:

☐ e-Service*          ☐ Mail to Pro-se Party*

*Service will be mailed/emailed directly to pro-se party requesting issuance.

I, Beverley McGrew Walker, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out as appears of record in The District Court of Fort Bend County, Texas. This 07 day of _____ JANUARY _____ 20 21

BEVERLEY MCGREW WALKER, DISTRICT CLERK
By _____ Deputy
ASHLEY ALANIZ

Hold for Pick Up

**THE STATE OF TEXAS**

**CITATION**

TO:    **MARKEL INSURANCE COMPANY**
       **C/O CT CORPORATION SYSTEM**
       **1999 BRYAN STREET SUITE 900**
       **DALLAS TX  75201**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **August 28, 2020,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-276254**  and is styled:

**TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY FOR CLA RIVERSTONE, LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY OF CLA CINCO LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) V. MARKEL INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW AMBERG WOELLNER**
**THE POTTS LAW FIRM LLP**
**3737 BUFFALO SPEEDWAY SUITE 1900**
**HOUSTON TX  77098**
**713-963-8881**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of January, 2021.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Ashley Alaniz_____
Deputy District Clerk ASHLEY ALANIZ
Telephone: (281) 633-7616



20-DCV-276254                              458th Judicial District Court
Trustee Maureen Gaughan, as Chapter 7 Trustee for the Bankruptcy for CLA Riverstone, LLC, 2:19-BK-09743-
BMW(District of Arizona) Trustee Maureen Gaughan, as Chapter 7 Trustee for the Bankruptcy of CLA Cinco LLC,
2:19-BK-09743-BMW(District of Arizona) v. Markel Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock _____M.

Executed at _____, within the County of _____

_____, at _____o'clock _____M. on the _____ day of _____

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy

of the petition, having first attached such copy of such petition to such copy of citation and endorsed on

such copy of citation the date of delivery.


Total fee for serving __ citation at $80.00 each  $_____


_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

                          (First, Middle, Last)

my date of birth is_____, and my address is _____

                                                                          (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.


_____
Declarant / Authorized Process Server


_____
(Id # & expiration of certification)


## ORIGINAL

Citation issued to Markel Insurance Company on 1/4/2021.



**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:  **MARKEL INSURANCE COMPANY**
**C/O CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX  75201**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **August 28, 2020,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-276254**  and is styled:

**TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY FOR CLA RIVERSTONE, LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY OF CLA CINCO LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) V. MARKEL INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW AMBERG WOELLNER**
**THE POTTS LAW FIRM LLP**
**3737 BUFFALO SPEEDWAY SUITE 1900**
**HOUSTON TX  77098**
**713-963-8881**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of January, 2021.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk ASHLEY ALANIZ
Telephone: (281) 633-7616

**SERVICE**



20-DCV-276254                                    458th Judicial District Court
Trustee Maureen Gaughan, as Chapter 7 Trustee for the Bankruptcy for CLA Riverstone, LLC, 2:19-BK-09743-
BMW(District of Arizona) Trustee Maureen Gaughan, as Chapter 7 Trustee for the Bankruptcy of CLA Cinco LLC,
2:19-BK-09743-BMW(District of Arizona) v. Markel Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____M.

Executed at _____, within the County of _____

_____, at _____o'clock _____M. on the _____ day of _____

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy

of the petition, having first attached such copy of such petition to such copy of citation and endorsed on

such copy of citation the date of delivery.

Total fee for serving _ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By: _____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                        (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                          (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation issued to Markel Insurance Company on 1/4/2021.

I, Beverley McGrew Walker, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out as appears of record in The District Court of Fort Bend County, Texas. This 07 day of JANUARY 20 21

BEVERLEY MCGREW WALKER, DISTRICT CLERK
By_____ Deputy
ASHLEY ALANIZ



Filed
1/6/2021 6:04 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Ashley Alaniz

**AFFIDAVIT ATTACHED**

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   **MARKEL INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX  75201**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **August 28, 2020,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-276254** and is styled:

**TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY FOR CLA RIVERSTONE, LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) TRUSTEE MAUREEN GAUGHAN, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY OF CLA CINCO LLC, 2:19-BK-09743-BMW(DISTRICT OF ARIZONA) V. MARKEL INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW AMBERG WOELLNER
THE POTTS LAW FIRM LLP
3737 BUFFALO SPEEDWAY SUITE 1900
HOUSTON TX  77098
713-963-8881**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 4th day of January, 2021.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Ashley Alaniz_
Deputy District Clerk ASHLEY ALANIZ
Telephone: (281) 633-7616

**AFFIDAVIT ATTACHED**

### Officer or Authorized return

Came to hand on the ___5th__ day of January A.D., 2020, at 8:00 o'clock
A.M. and executed by delivering **Markel Insurance Company** Through registered agent
CT Corporation System accepted by Latoya Sterns on the __5th__ day of ____January____
A, D. 2020, at __1:48 o'clock   P.M.,_ the within named defendant, in person, a true
copy of this Citation, together with a copy of original petition with date of service marked
thereon, at the following location, ___1999 Bryan Street, Suite 900 Dallas Texas 75201

Citation 20-DCV-276254
Plaintiff's Original Petition

Witness Fee: _____
For mileage _____
For Notary_____

_____ **PSC 4688 expires 2/28/2022**

Dave Valfer, 1801 Vassar Drive Richardson, Texas
Authorized Person

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE. OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified, if the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

My name is Dave Valfer

My date of birth is;     July 2, 1960_____ and my address is; 1801 Vassar Drive Richardson Texas 75081
                                                              Dallas County, Texas

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.



**Dave Valfer**

| | |
|---|---|
| **From:** | intakeadmin@wolterskluwer.com |
| **Sent:** | Tuesday, January 05, 2021 1:49 PM |
| **To:** | premierprocess@swbell.net |
| **Subject:** | Intake Portal - Job #42288 has been received |

Hello,

**Date:** Tue, Jan 5, 2021

**Time:** 1:48 PM CST

**Name:** David Valfer

**Juris Served:** TX

**Job ID:** 42288

Receipt of the following documents at the date, time and location indicated above.

Markel Insurance Company                                20-DCV-276254

Intake Specialist: Latoya Sterns

CT Corporation, a Wolters Kluwer Company

1

I, Beverley McGrew Walker, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out an appears of record in The District Court of Fort Bend County, Texas. This 07 day of_____JANUARY_____20 21



BEVERLEY McGREW WALKER, DISTRICT CLERK
By_____Deputy
ASHLEY ALANIZ

Filed
1/7/2021 8:56 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Perla Maniz



**ATTORNEYS AT LAW**

WRITER'S ADDRESS
One Riverway | Suite 1000
Houston, TX 77056
D 713-418-2000
F 713-418-2001

**Valerie Musick**
Email: musick@LitchfieldCavo.com

*Privileged and Confidential*
*Attorney-Client Communication*

January 7, 2021

Honorable Beverly McGrew Walker
Fort Bend County District Clerk
301 Jackson Street
Richmond, TX 77469

Re:   Cause No. 20-DCV-276254; Trustee Maureen Gaughan, As The Chapter 7 Trustee For The
      Bankruptcy For CLA Riverstone, LLC, 2:19 BK-09743-BMW (District of Arizona); The Trustee
      Maureen Gaughan, As The Chapter 7 Trustee For The Bankruptcy For CLA Cinco, LLC, 2:19-
      BK-09746-BMW (District of Arizona) v. Markel Insurance Company; in the 458th Judicial
      District Court, Fort Bend County, Texas.

Dear Clerk:

      We are requesting a **certified copy of the state court file,** including the docket sheet, if any.
Please send to the above address or email the certified documents to musick@litchfieldcavo.com.

      Thank you for your help.

                              Respectfully,

                              *Valerie Musick*

                              Valerie Musick

/vm

I, Beverley McGrew Walker, District Clerk of Fort
Bend County, Texas, do hereby certify that the
foregoing is a true, correct and full copy of the
Instrument herein set out and appears of record in
The District Court of Fort Bend County, Texas.
This 07 day of_____JANUARY_____20 21



BEVERLEY MCGREW WALKER, DISTRICT CLERK
By_____Deputy
              ASHLEY ALANIZ

Atlanta | Boston area | Chicago | Dallas-Fort Worth | Fort Lauderdale | Hartford area | Houston | Indiana
Las Vegas | Los Angeles area | Louisiana | Milwaukee | New Jersey | New York | Philadelphia | Phoenix
Pittsburgh | Providence | Salt Lake City | St. Louis | Tampa | West Virginia

www.LitchfieldCavo.com